IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| J. GREG HORINEK,               )<br>                                                )<br>            Plaintiff,              )       CIVIL ACTION<br>v.                                          )<br>                                                )       No. 24-1171-KHV<br>SPIRIT AEROSYSTEMS, INC.,   )<br>                                                )<br>            Defendant.            )<br>_____) | |

**MEMORANDUM AND ORDER**

On June 27, 2024, in the District Court of Sedgwick County, Kansas, plaintiff filed suit against his former employer, Spirit AeroSystems, Inc. Plaintiff asserts claims for retaliation in violation of Kansas public policy, discrimination in violation of 42 U.S.C. § 1981 and blacklisting in violation of Kansas law. First Amended Petition (Doc. #1-1), ¶ 52. On September 23, 2024, defendant removed the case to federal court. This matter is before the Court on Spirit AeroSystems, Inc.'s Motion To Dismiss Plaintiff's First Amended Petition (Doc. #9) filed September 30, 2024 and Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss Plaintiff's First Amended Petition And [Plaintiff's] Motion To Certify Question To State Supreme Court (Doc. #13) filed October 21, 2024. For reasons stated below, the Court sustains defendant's motion to dismiss plaintiff's blacklisting claim and overrules plaintiff's motion to certify a question to the Kansas Supreme Court.

**Legal Standards**

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—

not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To determine whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id. at 678. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Id. However, plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent with" liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not "shown"—that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context; what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P.. depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

**Factual And Procedural Background**

Plaintiff's First Amended Petition (Doc. #1-1) alleges in part as follows:

From 2006 through March 9, 2023, plaintiff worked for Spirit AeroSystems as a metals' mechanic. In 2022 and 2023, plaintiff reported to management that he had concerns about the work of another employee, Ivan Quintanar. After Quintanar discovered that plaintiff had complained, he sabotaged plaintiff's personal property and work orders. In February of 2023, Quintanar threatened plaintiff. On March 2, 2023, plaintiff complained to management about

Quintanar's conduct. In response, on March 9, 2023, Spirit AeroSystems terminated plaintiff's employment.

After plaintiff left his employment, he reported workplace safety issues at Spirit AeroSystems to the Occupational Health and Safety Administration ("OSHA"). In retaliation for plaintiff's reports to OSHA, defendant reported derogatory information to his prospective employers in the aviation industry.

Plaintiff asserts claims for retaliation in violation of Kansas public policy, discrimination in violation of 42 U.S.C. § 1981 and blacklisting in violation of K.S.A. § 44-117. <u>First Amended Petition</u> (Doc. #1-1), ¶ 52. Defendant asks the Court to dismiss plaintiff's blacklisting claim for failure to state a claim.

## **<u>Analysis</u>**

Under Kansas law, after an employer has discharged an individual, it cannot "prevent or attempt to prevent by word, sign or writing of any kind whatsoever any such discharged employee from obtaining employment from any other person, company or corporation, except by furnishing in writing, on request, the cause of such discharge." K.S.A. § 44-117. An employer who violates the blacklisting statute is guilty of a misdemeanor and upon conviction is subject to criminal penalties including a fine and up to 30 days in prison. K.S.A. § 44-118. The statute also provides that if an employer is found guilty of a violation of the statute, it shall be liable to the injured party in an amount equal to three times the sum of such party's injury and attorney fees. K.S.A. § 44-119.

Defendant argues that plaintiff has failed to state a claim for blacklisting because he has not alleged that defendant has been criminally convicted of violating the statute. Plaintiff argues that a criminal conviction is not required to recover civil penalties under Section 44-119. As

defendant notes, however, the Tenth Circuit has held that a criminal blacklisting conviction is an element of a civil blacklisting claim against an employer under Section 44-119.  Anderson v. United Tel. Co. of Kan., 933 F.2d 1500, 1502–03 (10th Cir. 1991); see also Painter v. Midwest Health, Inc., No. 21-3195, 2022 WL 17332734, at *7 (10th Cir. Nov. 30, 2022) (Anderson is binding precedent; absent criminal conviction for blacklisting, defendant entitled to summary judgment on claim for civil blacklisting).

Plaintiff concedes that in Anderson, the Tenth Circuit addressed the same question as in this case.  Even so, plaintiff notes that in 2015, a Kansas district court reached a contrary result.  See Rowland v. U.S.A. 800, Inc., No. 14-cv-12 (Harvey County Dist. Ct., Judge Richard B. Walker Feb. 17, 2015) (Anderson reasoning no longer correct after Kansas legislature passed Section 44-119a, which provides immunity to employers for disclosing truthful information about former employees but does not specifically extend such immunity to employers who violate blacklisting statute).  Plaintiff asks the Court to certify the question to the Kansas Supreme Court.

The Court may certify a question of law to the Kansas Supreme Court if it may be determinative of the cause pending in this Court and the Kansas Supreme Court and Kansas Court of Appeals have no controlling precedent on the question.  K.S.A. § 60-3201.  Certification is particularly appropriate if the question to be certified is novel and the state law unsettled.  Allstate Ins. Co. v. Brown, 920 F.2d 664, 667 (10th Cir. 1990).  If a state's highest court has not addressed the issue, the Court must determine what decision the state court would make if faced with the same issue.  Armijo v. Ex Cam, Inc., 843 F.2d 406, 407 (10th Cir. 1988).  In doing so, the Court considers state court decisions, federal decisions and the general weight and trend of authority.  Id.  "Certification is not to be routinely invoked whenever a federal court

is presented with an unsettled question of state law." Id.  The decision to certify rests in the sound discretion of the Court.  Allstate, 920 F.2d at 667.

As noted, in Anderson, the Tenth Circuit held that a criminal blacklisting conviction is an element of a civil blacklisting claim against an employer under Section 44-119.  933 F.2d at 1502–03.  In 2022, in an unpublished decision, the Tenth Circuit rejected a plaintiff's request to find that statutory changes since Anderson (i.e. the addition of the immunity provisions in Section 44-119a) compel a different result or require a reexamination of the reasoning in Anderson.  Painter, 2022 WL 17332734, at *7.  Despite one contrary state district court decision in Rowland, the general weight and trend of authority establishes that the question whether Section 44-119 requires an underlying criminal conviction is not unsettled and does not otherwise warrant certification to the Kansas Supreme Court.  See id. (denying certification because binding precedent in Anderson answers question); see also Schrader v. Emporia State Univ., No. 19-2387-DDC, 2021 WL 4284543, at *27 (D. Kan. Sept. 21, 2021) (same).  The Court therefore declines to certify this question to the Kansas Supreme Court.

**IT IS THEREFORE ORDERED** that Spirit AeroSystems, Inc.'s Motion To Dismiss Plaintiff's First Amended Petition (Doc. #9) filed September 30, 2024 is **SUSTAINED**.  **The Court dismisses plaintiff's blacklisting claim under Kansas law.**

**IT IS FURTHER ORDERED** that Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss Plaintiff's First Amended Petition And [Plaintiff's] Motion To Certify Question To State Supreme Court (Doc. #13) filed October 21, 2024 is **OVERRULED**.

Dated this 12th day of November, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
