IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| J. GREG HORINEK, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 24-1171-KHV |
| ) | |
| SPIRIT AEROSYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Spirit AeroSystems, Inc.'s Motions In Limine And Memorandum In Support (Doc. #85) filed November 14, 2025. For reasons stated below, the Court sustains defendant's motion in part.

In paragraph 1 of defendant's motion, defendant seeks to exclude evidence related to "OSHA's investigation, findings, and determination" which were set forth in the agency's dismissal letter dated August 30, 2024. Defendant seeks to exclude the letter under Rule 403, Fed. R. Evid., and as hearsay. The OSHA letter appears to reflect "factual findings from a legally authorized investigation," so it likely falls within an exception to the hearsay rule. See Fed. R. Evid. 803(8). Even so, under Rule 403, the Court has discretion in deciding whether to admit EEOC or other agency determinations into evidence. See Nulf v. Int'l Paper Co., 656 F.2d 553, 563 (10th Cir. 1981) (EEOC determinations). For substantially the reasons stated in defendant's motion, the Court finds that the OSHA letter should be excluded, because the probative value of the evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues or

misleading the jury.[1]  Fed. R. Evid. 403; see Tuffa v. Flight Servs. & Sys., Inc., 644 F. App'x 853, 855–56 (10th Cir. 2016) (district court did not abuse discretion when it excluded EEOC report because jury might be "overly influenced" by report and EEOC applied different standard of proof than standard to be applied by jury); Hall v. W. Prod. Co., 988 F.2d 1050, 1058 (10th Cir. 1993) (district court did not abuse discretion when it excluded agency finding of no discrimination on ground that report would "suggest to the jury that it should reach the same conclusion" as agency).

Because plaintiff does not oppose defendant's requests in paragraphs 2, 3, and 4 of defendant's motion, the Court sustains defendant's motion in this regard.

The Court will instruct the jury on what constitutes protected whistleblowing, and an order in limine on this issue would not be helpful.  Therefore, the Court overrules the request in paragraph 5 of defendant's motion to exclude arguments and evidence that do not qualify as protected whistleblowing.

The Court overrules the request in paragraph 6 to exclude evidence concerning Diversity, Equity and Inclusion initiatives which defendant argues are irrelevant.  The jury will decide whether such initiatives motivated defendant to terminate plaintiff's employment, in whole or in part.

Assuming that plaintiff is able to establish a prima facie case for punitive damages, the Court overrules the request in paragraph 7 of defendant's motion, regarding the financial condition of defendant.

**IT IS THEREFORE ORDERED** that Defendant Spirit AeroSystems, Inc.'s Motions In

---

[1] Plaintiff argues that the Court's exclusion of the OSHA letter should not foreclose plaintiff from presenting the recordings of OSHA interviews with defendant's managers about plaintiff's termination and testimony from plaintiff's labor arbitration proceedings.  Because defendant has not sought to exclude such evidence, the Court does not address plaintiff's argument.

-3-

Limine And Memorandum In Support (Doc. #85) is **SUSTAINED as to the requests in paragraphs 1, 2, 3 and 4 of defendant's motion and OVERRULED as to the requests in paragraphs 5, 6 and 7.**

Dated this 3rd day of December, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge